UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-01153-AGF |
| | ) |
| PROSPECT MEDICAL GROUP, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Cedric Greene's application to proceed in district court without prepaying fees or costs and motion to transfer districts. Based on the financial information provided in the application, the Court finds that Plaintiff is unable to pay the filing fee. The Court grants the application and waives the filing fee. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the motion to transfer districts will be denied and this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

**Background**

Since March 5, 2025, Greene has filed more than 30 cases pro se and *in forma pauperis* in this Court. *See* Order to Show Cause at 1, *In re: Cedric Greene*, No. 4:25-mc-00784-SRC (E.D. Mo. July 17, 2025), doc. 1 (listing cases)(The Court cites to page numbers as assigned by CM/ECF). The judges of this Court have dismissed these cases preservice for reasons including improper venue, want of jurisdiction, and a finding of maliciousness. *See id.* On August 13, 2025, the Court, acting en banc, issued an order requiring Greene to obtain leave of Court before initiating any new action in this District. *See* Order at 2, No. 4:25-mc-00784-SRC, doc. 3. Because this case precedes the Court's en banc order, that requirement does not apply here.

In addition, the Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuits and federal district courts in Kansas, Utah, California, and Nevada). In January 2024, the United States Court of Federal Claims estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Plaintiff, a California resident, brings this suit against Prospect Medical Group, an independent physician association located in Southern California. ECF No. 1. It is unclear exactly what Plaintiff's claim entails. He alleges that the Defendant did not receive his referrals for medical treatment over the course of a few weeks in July and August 2023. ECF No. 1 at 5. Plaintiff says the defendant claimed to have a system outage which was causing the issue, but Plaintiff does not believe this. *Id*. As a result of this seeming confusion over a referral for medical treatment, he is seeking an unspecified amount of money damages. *Id*. at 7. At no point does he state what harm was caused by these events.

## Discussion

Plaintiff has not established that venue is proper in this Court. Defendant is located in California and the events complained of occurred in California. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district

in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. Under these venue provisions, venue is proper only in California.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district in which it could have been brought. Plaintiff has requested a transfer to "one of two proposed destinations" though he does not state what those destinations are. ECF No. 3. Plaintiff states he has objections to venue being proper in the California legal system. *Id*. This is a key point of misunderstanding with Plaintiff. Venue is not a matter of personal choice of a plaintiff. Venue is only proper when it meets the requirements as laid out in the statute. Plaintiff at no point states how any other district court outside of California would meet the requirements of venue. That is because no venue would be proper outside of the California venue that Plaintiff wishes to bypass. Plaintiff's desire that the case not be brought in California has nothing to do with the requirements under the statute.

For these reasons, the Court finds it is not in the interest of justice to transfer this case and his motion will be denied. The Court will dismiss this case for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff's motion to transfer venue is **DENIED.** [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of November, 2025.

                              AUDREY G. FLEISSIG
                              UNITED STATES DISTRICT JUDGE